UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC BURKE, CRAIG BARKER, RICK CALTON, ARTHUR SALISBURY, WILLIAM CORY TANNER, BRIAN TANNER, and TONY WEAVER on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BIMBO BAKERIES USA, INC. and, BIMBO BAKERIES DISTRIBUTION, LLC<br>Defendants. | CIVIL ACTION NO. 5:19-CV-0902 (MAD/ATB) |

## CLASS ACTION COMPLAINT

### INTRODUCTION

1. This is an action brought on behalf of individuals who are current and former delivery drivers or "Distributors" of Defendants Bimbo Bakeries USA, Inc. and Bimbo Foods Bakeries Distribution, LLC (together, "Bimbo" or "Defendants") challenging the unlawful misclassification of them as independent contractors instead of employees under the "N.Y. Lab. Law § 862, *et seq.* ("The New York State Commercial Goods Transportation Industry Fair Play Act") from April 10, 2014 to the present. The above-named Plaintiffs assert claims as a class action pursuant to Federal Rule of Civil Procedure 23, alleging that Defendants violated the New York Labor laws by making unlawful deductions from their wages, failing to comply with the record keeping and notice requirements of the N.Y.L.L., and failing to pay an overtime premium

1

when Plaintiffs worked more than forty hours per week.  Plaintiffs also assert claims individually under the federal Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq.

## PARTIES

2. Plaintiff Eric Burke is an adult resident of Carthage, New York.  Since approximately 2006, Burke has delivered breads and baked goods on behalf of Defendants in New York. During the relevant time, he was Defendants' employee as that term is defined in N.Y. Lab. Law § 862-b and the FLSA.

3. Plaintiff Craig Barker is an adult resident of Watertown, New York.  Since approximately 2011, Barker has delivered breads and baked goods on behalf of Defendants in New York. During the relevant time, he was Defendants' employee as that term is defined in N.Y. Lab. Law § 862-b and the FLSA.

4. Plaintiff Rick Calton is an adult resident of Rensselaer Falls, New York.  Since approximately 2004, Calton has delivered breads and baked goods on behalf of Defendants in New York. During the relevant time, he was Defendants' employee as that term is defined in N.Y. Lab. Law § 862-b and the FLSA.

5. Plaintiff Arthur Salisbury is an adult resident of Watertown, New York.  Since approximately 2002, Salisbury has delivered breads and baked goods on behalf of Defendants in New York. During the relevant time, he was Defendants' employee as that term is defined in N.Y. Lab. Law § 862-b and the FLSA.

6. Plaintiff William Cory Tanner is an adult resident of Hammond, New York. Since approximately 2017, Tanner has delivered breads and baked goods on behalf of Defendants in New York. During the relevant time, he was Defendants' employee as that term is defined in N.Y. Lab. Law § 862-b and the FLSA.

7. Plaintiff Brian Tanner is an adult resident of Watertown, New York. Since approximately 2009, Tanner has delivered breads and baked goods on behalf of Defendants in New York. During the relevant time, he was Defendants' employee as that term is defined in N.Y. Lab. Law § 862-b and the FLSA.

8. Plaintiff Tony Weaver is an adult resident of Potsdam, New York. Since approximately 2002, Weaver has delivered breads and baked goods on behalf of Defendants in New York. During the relevant time, he was Defendants' employee as that term is defined in N.Y. Lab. Law § 862-b and the FLSA.

9. The above-named Plaintiffs bring this action on their own behalf and on behalf of a class of all drivers who have worked for Defendants in New York since April 10, 2014.

10. Defendant Bimbo Bakeries USA, Inc. is a corporate entity with its headquarters in Horsham, Pennsylvania. Defendant Bimbo Bakeries USA, Inc. conducts business through distribution facilities in New York, among other states.

11. Defendant Bimbo Foods Bakeries, LLC is corporate entity with its headquarters in Horsham, Pennsylvania. It conducts business through distribution facilities in New York, among other states.

12. Defendants are engaged in interstate commerce and employ individuals engaged in interstate commerce and are therefore covered by the FLSA, and they are "employers" as that term is defined under the New York Fair Play Act.

## JURISDICTION AND VENUE

13. The Court has original jurisdiction over the FLSA claims asserted in this matter pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331.

14. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

15. Venue in this forum is proper pursuant to 28 U.S.C. §§ 1391(a) and (c), because both Defendants conduct business in New York and are subject to personal jurisdiction in this District.

**FACTS**

16. The business of Defendants and their affiliates consists of manufacturing, delivering, and selling breads and baked goods to grocery stores and other outlets across the United States under the brand names Sara Lee, Nature's Harvest, and others.

17. Defendants are commercial goods transportation contractors as that term is defined under the Fair Play Act because they compensate licensed drivers such as Plaintiffs and others to transport commercial goods in New York.

18. Defendants and their affiliates operate out of several terminals in this judicial district, including warehouses in Watertown and Canton, New York.

19. Defendants and their affiliates have employed several hundred individuals in New York since April 10, 2014 to deliver these products and stock the shelves at certain stores.

20. Plaintiffs and other individuals who perform this work are designated as independent contractors, as opposed to employees of Defendants. They are referred to by Defendants as Distributors ("Distributors").

21. Bimbo asserts on its website that it is the "[o]nly commercial bakery manufacturer to serve all 50 states," and that it is "a leader in the baking industry, known for its category leading brands, innovative products, freshness and quality," and that it "operates more than 60

bakeries, employs more than 22,000 associates and distributes products through 11,000 sales routes throughout the United States."

22.     Plaintiffs and other Distributors deliver Defendants' baked goods and other Bimbo products to retailers and other customers, thereby providing an integral service to the baked goods business of Bimbo and its affiliates and performing their work within Defendants' usual course of business.

23.     On a typical week, Distributors such as the named Plaintiffs work at least forty hours per week delivering the baked goods for Defendants.  This work mainly consists of driving vehicles to stores within a territory designated by Bimbo, delivering Bimbo's products to these stores, and arranging the products on the shelves according to Bimbo's display standards.

24.     The duties of Plaintiffs and other Distributors entail operating commercial vehicles to transport commercial goods within New York.  Plaintiffs also operate vehicles weighing less than 10,000 pounds for more than a *de minimis* period of time because, for example, Plaintiffs and others often visit stores in their personal vehicles to drop off small orders of products and to arrange displays.

25.     Defendants treat Distributors as independent contractors, claiming that they are not entitled to the protections of state and federal employment laws.

26.     In addition, the use by Defendants of Distributors allows Defendants to reduce their normal business expenses, and to reduce the burdens on their employees, and to shift those burdens to Distributors without additional compensation and by deducting amounts from the Distributors pay.

27.     In order to work for Defendants, Plaintiffs and other Distributors were required to pay a substantial sum of money to purchase purported "Distribution Rights" and then enter into a

"Distributor Agreement" with Defendants. Most Distributors finance these purchases through loans facilitated by Defendants.

28. The terms and conditions of each Distributor's Distributor Agreement are the same in all material respects.

29. The Distributor Agreements are adhesion contracts drafted exclusively by Defendants. Defendants do not negotiate the material terms of the Distributor Agreements with the Distributors, who are required to sign the agreements on a "take-it-or-leave-it" basis. The Distributor Agreements purport to classify the Distributors as "independent contractors," even though they are employees pursuant to the Fair Play Act, N.Y. Lab. Law § 862, et seq., and the FLSA.

30. Through the Distributor Agreements and other policies, Defendants have the right to control, and in fact exercise substantial control over the work performed by the Distributors.

31. The control retained and exercised by Defendants includes, but is not limited to, the fact that Defendants:

- a. Employ managers who have supervisory and disciplinary authority over the Distributors.

- b. Determine the prices for all food products, negotiate those prices directly with retail outlets without Plaintiffs' involvement; require the Distributors to comply with its policies and procedures governing, among other things, the ordering of products, the frequency of deliveries and removal of stale product, and the manner in which delivery drivers must conduct themselves.

- c. Require Distributors to display product according to its requirements, and travel to stores and other retail locations to review displays to ensure Distributors' compliance with these policies.

- d. Require Distributors to obtain its express, prior approval before selling their routes or substituting another driver for their route.

     e.     Prohibit the Distributors from exercising independent business judgment regarding the services they perform and the locations at which they perform these services. For example, Distributors are prohibited from discontinuing deliveries to certain stores, even if the deliveries are no longer profitable.

     f.     Prohibit Distributors from participating in activity considered competitive to Defendants and their affiliates.

32.     Defendants also deduct various amounts from the pay of Plaintiffs and other Distributors. For example, Defendants make substantial deductions from Distributors' pay for "loan" payments related to the purchase of the Distribution Rights, insurance premiums, and numerous other charges.

33.     The Distributors and Defendants are engaged in the same usual course of business: the sale and distribution of baked goods.

34.     The Distributors are not customarily engaged in an independently established trade, occupation, profession, or business of the same nature as the services they provide to Defendants. Based on all the hours that Defendants require Plaintiffs to spend making deliveries and servicing their territories, there is little or no time left for Plaintiffs to make deliveries for any other company besides Defendants. In addition, Defendants restrict Distributors from engaging in various activities that could be "competitive" to Defendants. As a result, the Plaintiffs and Distributors are economically dependent on Defendants.

35.     Plaintiffs and other drivers are not "separate business entities" as that term is defined in the Fair Play Act because, among other reasons, Plaintiffs are not permitted to provide their delivery services to others and they are not free from Defendants' control.

36.     Defendants also require Plaintiffs and other Distributors to assume many of Defendants' general business expenses. For example, Defendants require Distributors to pay for

7

gasoline and all vehicle lease, insurance, and maintenance expenses, and Defendants do not provide workers' compensation insurance to Plaintiffs and other Distributors.

37. Plaintiffs and other Distributors often work more than forty hours per week, and they do not receive any overtime premium or additional pay for those hours worked over forty.

38. Defendants' misclassification of its delivery drivers as independent contractors and the additional violations of New York law and the FLSA described above were willful and undertaken in bad faith.

## CLASS ACTION ALLEGATIONS

39. Plaintiffs bring this action under Federal Rule of Civil Procedure 23 on behalf of all individuals who, either individually or through a corporate entity, personally deliver or have delivered Defendants' products in New York pursuant to a Distributor Agreement since April 10, 2014.

40. The members of the class are so numerous that joinder of all of them is impracticable, and treatment of a class action is the superior method to adjudicate the class members' claims. Upon information and belief, there are approximately fifty members of the putative class.

41. There are issues of law and fact common to all class members because Defendants have misclassified them as independent contractors rather than as employees and have unlawfully deprived them of the wage treatment and benefits accorded employees. These questions of law and fact predominate over any questions affecting only individual class members.

42. The named plaintiffs and class counsel will fairly and adequately represent the interests of the class.

## COUNT I

**FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME WAGES**
**(INDIVIDUAL CLAIMS)**

43.     Plaintiffs repeat and reallege each and every allegation above as if restated herein verbatim.

44.     Plaintiffs routinely worked in excess of forty (40) hours per workweek for Defendants.

45.     Defendants failed to pay Plaintiffs at the rate of one-and-a-half times their regular rate of pay for all hours worked in excess of forty hours weekly as required by section 7(a) of the FLSA, 29 U.S.C. § 207(a).

46.     Plaintiff are entitled to back wages at the rate of one-and-a-half times their regular rate of pay for all overtime hours worked in excess of forty hours per week, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).  The failure of Defendants to compensate Plaintiff and the members of the Plaintiff class for overtime work as required by the FLSA was knowing, willful, intentional, and done in bad faith.

47.     Plaintiff are also entitled to liquidated damages equal to the amount of unpaid overtime compensation due to them under the FLSA, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

48.     Plaintiff are also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II
**N.Y LABOR LAW § 193 - UNLAWFUL WITHHOLDING AND**
**DEDUCTIONS FROM WAGES**
**(INDIVIDUAL AND CLASS ACTION)**

49.     Plaintiffs repeat and reallege each and every allegation above as if restated herein

verbatim.

50. Plaintiffs and other putative class members are Defendants' employees, as defined by N.Y. Lab. Law § 862 (the New York State Commercial Goods Transportation Industry Fair Play Act).

51. Defendants routinely diverted, withheld, and deducted amounts from the wages of Plaintiffs and other Distributors.

52. These deductions constituted a violation of N.Y. Lab. Law § 193.

## COUNT III
## N.Y. LABOR LAW § 195 - NOTICE AND RECORD-KEEPING REQUIREMENT VIOLATION
### (INDIVIDUAL AND CLASS ACTION)

53. Plaintiffs repeat and reallege each and every allegation above as if restated herein verbatim.

54. Plaintiffs and other putative class members are Defendants' employees, as defined by N.Y. Lab. Law § 862 (the New York State Commercial Goods Transportation Industry Fair Play Act).

55. Defendants failed to supply Plaintiff and the Class with a notice as required by N.Y. Lab. Law § 195, in English or in the language identified by Plaintiff and other similarly situated drivers as their primary language, containing their rate or rates of pay and basis thereof, whether paid by the hour shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with N.Y. Lab. Law § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address of different; the telephone number of the

employer; plus such other information as the commissioner deems material and necessary.

56. Defendants failed to supply Plaintiff and the Plaintiff Class with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

57. Plaintiff and other similarly situated drivers are entitled to damages of $50 for each workweek that Defendants failed to provide a wage notice, or a total of $2,500 per class member, and damages of $100 for each workweek that Defendants failed to provide accurate wage statements, or a total of 2,500 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## COUNT IV
## N.Y. LABOR LAW § 650, et seq. – FAILURE TO PAY OVERTIME WAGES
## (INDIVIDUAL AND CLASS ACTION)

58. Plaintiffs repeat and reallege each and every allegation above as if restated herein verbatim.

59. Plaintiffs and other putative class members are Defendants' employees, as defined by N.Y. Lab. Law § 862 (the New York State Commercial Goods Transportation Industry Fair Play Act).

60. Plaintiffs and the members of the proposed Rule 23 class routinely worked in excess of forty (40) hours per workweek for Defendants.

61. Defendants failed to pay Plaintiffs and the members of the proposed Rule 23 class

at the rate of one-and-a-half times their regular rate of pay for all hours worked in excess of forty hours weekly as required by New York Labor Law § 650, et seq., and the supporting New York State Department of Labor Regulations.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs asks this honorable Court to enter the following relief:

a. An Order certifying a class of all individuals who, either individually or through a corporate entity, personally deliver or have delivered Defendants' products in New York pursuant to a Distributor Agreement since April 10, 2014, pursuant to Fed. R. Civ. P. 23;

b. An award of damages for all unpaid wages, expenditures, costs, deductions, benefits, or other losses resulting from Defendants' misclassification, as described above;

c. Statutory liquidated damages, pursuant to New York law and the FLSA;

d. Attorneys' fees and costs; and

e. Such other legal and equitable relief as the Court deems just and proper.

ERIC BURKE, CRAIG BARKER,
RICK CALTON, ARTHUR SALISBURY,
WILLIAM CORY TANNER, BRIAN
TANNER, and TONY WEAVER,
on behalf of themselves and all
others similarly situated,

By their Attorneys,


/S/  SAMUEL A. ALBA, ESQ.

Samuel A. Alba, Esq.
FRIEDMAN & RANZENHOFER, P.C.
74 Main Street
PO Box 31
Akron, NY 14001
(716)-542-5444
Sam@legalsurvival.com

Harold L. Lichten, *pro hac vice* anticipated
Matthew W. Thomson, *pro hac vice* anticipated
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA  02116
(617) 994-5800
hlichten@llrlaw.com
mthomson@llrlaw.com