UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ERIC BURKE, et al.,

                               **Plaintiffs,**

  vs.                                                5:19-CV-902
                                                           (MAD/ATB)

BIMBO BAKERIES USA, INC., et al.,

                               **Defendants.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

**LICHTEN & LISS-RIORDAN, P.C.**        **HAROLD LICHTEN, ESQ.**
729 Boylston Street                          **MATTHEW W. THOMSON, ESQ.**
Suite 2000
Boston, Massachusetts 02116
Attorneys for Plaintiffs

**FRIEDMAN & RANZENHOFER, P.C.**      **SAMUEL A. ALBA, ESQ.**
74 Main Street
Akron, New York 14001
Attorneys for Plaintiffs

**MORGAN, LEWIS & BOCKIUS LLP**       **MICHAEL J. PUMA, ESQ.**
1701 Market Street
Philadelphia, Pennsylvania 19103
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiffs Eric Burke, Craig Barker, Rick Calton, Arthur Salisbury, William Cory Tanner, Brian Tanner, and Tony Weaver (collectively "Plaintiffs"), on behalf of themselves and other employees similarly situated, bring this action for alleged violations of the Fair Labor Standards

Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Count I), and the New York Labor Law ("NYLL") (Counts II, III, IV). *See* Dkt. No. 16 at 11–14. Currently before the Court is the motion of Defendants Bimbo Foods Bakeries Distribution, LLC ("BFBD") and Bimbo Bakeries USA, Inc. ("BBUSA") (collectively "Defendants") to dismiss certain claims alleged in Plaintiffs' amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and based on the application of the "first-filed" rule.

## II. BACKGROUND

Plaintiffs allege a systematic practice of Defendants violating the NYLL by making unlawful deductions from Plaintiffs' wages, failing to comply with the record keeping and notice requirements of the NYLL, and failing to pay an overtime premium when Plaintiffs worked more than forty hours per week. *See* Dkt. No. 16 at ¶ 1. Plaintiffs allege both individual claims under the FLSA and individual and class claims under the NYLL. *See* Dkt. No. 16 at ¶¶ 50–68.

Plaintiffs, on behalf of themselves and other employees similarly situated, commenced this action on July 23, 2019, with the filing of a complaint. *See* Dkt. No. 1. Since the initial filing of the complaint, an additional six individuals have opted-in to this case under the FLSA. *See* Dkt. No. 17-1; Dkt. No. 22 at 26.

In the Southern District of New York, a class action was brought by Carlos M. Puello and Kim Peek against Bimbo Foods Bakeries Distribution, LLC on June 14, 2017, for the misclassification of independent operators as independent contractors. *See Puello v. Bimbo Foods Bakeries Distribution*, No. 17-cv-4481 (S.D.N.Y.) (Karas, J.) ("*Puello*"), Dkt. No. 1 at 1. The complaint was amended on July 9, 2018, modifying the named plaintiffs to be Johanny Puello, Antony Paris, and Thomas Paris, and now including Bimbo Bakeries USA, Inc. as a

defendant. *See Puello*, Dkt. No. 26 at 1. The complaint, as well as the amended complaint, contain a variety of allegations against BFBD and BBUSA brought by the New York class, including that unlawful deductions were taken from their wages, that BFBD and BBUSA failed to send itemized deductions in violation of the NYLL, common law misclassification in violation of the NYLL's New York State Commercial Goods Transportation Industry Fair Play Act, and unjust enrichment.[1] *See Puello*, Dkt. No. 1 at ¶¶ 32–51; Dkt. No. 26 at ¶¶ 36–56.

On October 4, 2019, Defendants filed a partial motion to dismiss, which is currently before the Court. *See* Dkt. No. 19.

### III. DISCUSSION

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation")) (other citation omitted). The first-filed rule is a well-settled principle in the Second Circuit, establishing that "[w]here there are two competing lawsuits, the first suit should have priority." *First City Nat'l Bank and Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) (internal quotation marks and citations omitted). This discretion "arises from the court's power to administer its docket to conserve judicial resources, and to promote the efficient and comprehensive disposition of cases." *Castillo v. Taco Bell of Am., LLC*, 960 F. Supp. 2d 401, 404 (E.D.N.Y. 2013) (citing *Byron v. Genovese Drug Stores, Inc.*, No. 10-CV-03313, 2011 WL 4962499, *2 (E.D.N.Y. Oct. 14, 2011)). In determining

---

[1] The Court will not address the counts raised by the New Jersey class in the original complaint, as they are irrelevant to the current proceeding. *See Puello*, Dkt. No. 1 at ¶¶ 52–66.

whether the action filed second should be dismissed, "the court considers whether the lawsuits at issue assert the same rights, and seek relief based upon the same facts." *Castillo*, 960 F. Supp. 2d at 404.  Importantly, "[t]he lawsuits need not be identical, but the claims and rights raised in the two actions must not differ substantially." *Id.*; *see also Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 244 (E.D.N.Y. 2012) (citing *Spotless Enters., Inc. v. The Accessory Corp.*, 415 F. Supp. 2d 203, 205–06 (E.D.N.Y. 2006)); *Interna Ltd. v. NTD Labs., Inc.*, 654 F. Supp. 2d 133, 141 (E.D.N.Y. 2009) (noting that the "first-filed" rule can be invoked where significant overlap of factual issues exists); *Oleg Cassini, Inc. v. Serta, Inc.*, No. 11 Civ. 8751, 2012 WL 844284, *3 (S.D.N.Y. Mar. 13, 2012) (for "first-filed" rule to apply "issues need not be identical, and the named parties need not be entirely the same provided that they represent the same interests").

Comparison of this action to the *Puello* action reveals that the class/collective claims are "so substantially similar as to require dismissal" of the state law claims in this matter.  *Castillo*, 960 F. Supp. 2d at 404.  First, the classes sought to be represented in the two cases are substantially similar.  The putative *Puello* class covers the entire putative class Plaintiffs allege here, because both cases seek to represent all current and former independent operators in New York; the only difference is that the *Puello* class begins on June 13, 2011, while Plaintiffs' class begins on April 10, 2014.  *See* Dkt. No. 16 at ¶ 46; Dkt. No. 19-10 at ¶ 26.  In the context of the "first-filed" rule, the Second Circuit "plainly does not require the first-filed action and the subsequent action to consist of identical parties.  Moreover, the Court recognizes vast similarities among the individual plaintiffs in each of the putative collective and class actions against [Defendant]." *Wyler-Wittenberg*, 899 F. Supp. 2d at 244.  Therefore, the similar positions held by the plaintiffs in both of these matters and the opt-in nature of a collective

4

action lead the Court to conclude that Plaintiffs in this action are similar enough to those in *Puello* to warrant application of the "first-filed" rule. *Id.* at 244–45.

Plaintiffs allege that the claims in the instant action are distinct from those in *Puello*. With regard to the claims asserted, both actions involve allegations that the plaintiffs are or were independent operators who contracted with the same Defendants. *See* Dkt. No. 16 at ¶¶ 1, 27; Dkt. No. 19-10 at ¶¶ 10, 26. Both actions seek to represent a class of all current or former independent operators in New York. *See id.* Both actions base their claims on the theory that they were misclassified as independent contractors instead of employees. *See, e.g.*, Dkt. No. 16 at ¶ 48; Dkt. No. 19-10 at ¶ 43.

Moreover, both actions clearly assert labor law claims under the New York Labor Law, including unlawful deductions and failure to issue wage statements. *See* Dkt. No. 16 at ¶¶ 56–64; Dkt. No. 19-10 at ¶¶ 36–41, 53–56. However, because the claims in *Puello* were brought under the "right to control" test rather than the "ABC" test, Plaintiffs maintain that these claims are distinct and the "first-filed" rule should not be applied. The existence or absence of claims brought under the Fair Play Act does not affect the Court's finding that the claims in the instant action are sufficiently similar to those in *Puello* for the Court to apply the "first-filed" rule. *See Wyler-Wittenberg*, 899 F. Supp. 2d at 245. Furthermore, the complaint in *Puello* expressly references the Fair Play Act, and similarly references the elements of the "ABC" test. *See Puello*, Dkt. No. 62 at 11–12. Plaintiffs acknowledge these references in their motion papers, albeit terming them as a "passing reference"; whether or not these are "passing references" does not sufficiently distinguish the matters so as to preclude application of the "first-filed" rule. *See* Dkt. No. 22 at 18 n.8; *Wyler-Wittenberg*, 899 F. Supp. 2d at 245.

Plaintiffs also argue that because the *Puello* case does not seek overtime damages, that

5

the Court cannot apply the "first-filed" rule.  *See* Dkt. No. 22 at 23–24.  While the Court recognizes that the amended class action complaint in *Puello* does not include a claim for unpaid overtime, both cases do turn on whether the plaintiffs are employees or independent contractors under New York law, and both assert identical claims for unlawful deductions and failure to issue wage statements under the NYLL.  *See* Dkt. No. 24 at 12.  Furthermore, "notwithstanding that the substance of the compensation claims and the relief sought by the parties differs to a slight degree, the Court finds that the duplicative nature of the totality of claims asserted and the relief sought warrants application of the 'first-filed' rule in this matter."  *Wyler-Wittenberg*, 899 F. Supp. 2d at 246.

The Court does acknowledge that "special circumstances" might arise to justify its departure from the "first-filed" rule.  Courts have refused to apply this rule in "improper anticipatory actions" or where the "balance of convenience and interest of justice" favors the forum in which the second suit was brought.  *Spotless Enters.*, 415 F. Supp. 2d at 206–07.  "'Improper anticipatory actions' include cases where the record suggests that forum-shopping motivated the filing of the suit and choice of venue."  *Wyler-Wittenberg*, 899 F. Supp. 2d at 246 (citing *Spotless Enters.*, 415 F. Supp. 2d at 207).  The second exception is where the balance of convenience and interest of justice favors the second action.

> The factors to be considered in weighing the balance include: (1) the convenience of the witnesses, as well as the availability of process to compel their attendance if unwilling; (2) the location of relevant documents and ease of access to sources of proof; (3) the convenience and relative means of the parties; (4) the locus of the operative facts; (5) the forums' respective familiarity with the governing law; (6) the weight accorded to the plaintiff's choice of forum; (7) trial efficiency and the interests of justice; and (8) any other relevant factors special to the two cases.

*See Rico Records Distribs., Inc. v. Ithier*, 364 F. Supp. 2d 358, 361 (S.D.N.Y. 2005).

Here, neither party has accused the other of forum shopping. While Plaintiffs raise facts suggesting that Plaintiffs would be inconvenienced because they are "likely to be deposed," *see* Dkt. No. 22 at 26, or that Plaintiffs' legal rights would not be protected based on the *Puello* plaintiffs' legal theories, *see id.* at 25–26, the Court is not persuaded. First, "the Court reiterates that the 'first-filed' rule embodies the notion that the plaintiff who is first to commence litigation should have his or her choice of venue." *Wyler-Wittenberg*, 899 F. Supp. 2d at 247. Second, the possibility of depositions does not suggest an undue burden on Plaintiffs in their ability to access and present evidence. Finally, "application of the 'first-filed' rule in this matter would serve its intended purpose in promoting the efficient resolution of duplicative litigation." *Id.*

Given the duplicative nature of the claims in these matters, "the Court refuses to impose a stay in this matter, as a stay would fail to serve the purposes underlying application of the 'first-filed' rule." *Id.* This is because retaining jurisdiction "for subsequent adjudication of the instant action would unnecessarily require the Court to reexamine parallel issues that will be raised and decided in" *Puello*, and would "waste considerable time and judicial resources." *Id.*

The class/collective claims raised in these two cases are so substantially similar as to require dismissal. First, "the classes sought to be represented . . . are identical." *Castillo*, 960 F. Supp. 2d at 404. The progress of the *Puello* action also militates in favor of dismissal. The *Puello* case was opened in June 2017, *see Puello*, Dkt. No. 1, whereas the current action was commenced over two years later. *See* Dkt. No. 1. It would also be "patently unfair to require Defendants to litigate the class issues here at the same time as those matters are being litigated in the first-filed action." *Id.* at 405. "Plaintiffs cannot escape the first-filed rule simply because they chose not to opt into the [first-filed] collective action." *Burns v. Cnty. of Nassau*, 337 F.

7

Supp. 3d 210, 215 (E.D.N.Y. 2018).

Because the Court grants Defendants' motion on first-to-file grounds, it is unnecessary to address Defendants' alternative arguments regarding Plaintiffs' designation as an employee under the Fair Play Act and supplemental jurisdiction.[2]

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' partial motion to dismiss is **GRANTED**; and the Court further

**ORDERS** that Counts II, III, and IV of Plaintiffs' amended complaint are **DISMISSED**; and the Court further

**ORDERS** that Defendants shall file an answer as to Count I of the amended complaint no later than forty-five (45) days after the entry of this Memorandum-Decision and Order; and the Court further

---

[2] Plaintiffs also allege that a partial motion to dismiss under the "first-filed" rule leads to a result that would "make no sense." Dkt. No. 22 at 21 n.9. Beyond the Court's ability to decide partial motions to dismiss, there is, indeed, precedent for this action. *See, e.g.*, *Wright v. RBC Capital Mkts. Corp.*, No. Civ.S-09-3601, 2010 WL 2599010, *11 (E.D. Cal. June 24, 2010) ("For the foregoing reasons, defendant's partial motion to dismiss and/or stay plaintiff's first amended complaint is GRANTED in its entirety. Plaintiff's first claim for relief is hereby dismissed pursuant to the first-to-file rule"); *Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.*, 679 F. Supp. 2d 1287 (D. Kan. 2010) (granting a partial motion to dismiss based on the "first-filed" rule).

      **ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 15, 2019
       Albany, New York

                                      Mae A. D'Agostino
                                      U.S. District Judge