UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ERIC BURKE, et al.,

                              **Plaintiffs,**

  vs.                                                            5:19-CV-902
                                                                        (MAD/ATB)

BIMBO BAKERIES USA, INC., et al.,

                              **Defendants.**
_____

**APPEARANCES:**                                       **OF COUNSEL:**

**LICHTEN & LISS-RIORDAN, P.C.**        **HAROLD LICHTEN, ESQ.**
729 Boylston Street                             **MATTHEW W. THOMSON, ESQ.**
Suite 2000
Boston, Massachusetts 02116
Attorneys for Plaintiffs

**FRIEDMAN & RANZENHOFER, P.C.**       **SAMUEL A. ALBA, ESQ.**
74 Main Street
Akron, New York 14001
Attorneys for Plaintiffs

**MORGAN, LEWIS & BOCKIUS LLP**       **MICHAEL J. PUMA, ESQ.**
1701 Market Street
Philadelphia, Pennsylvania 19103
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiffs Eric Burke, Craig Barker, Rick Calton, Arthur Salisbury, William Cory Tanner, Brian Tanner, Tony Weaver, Jason Alban, Chris Faust, Frank Roberts, and Randy Sherman (collectively "Plaintiffs"), on behalf of themselves and other employees similarly situated, bring this action for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et*

*seq. See* Dkt. No. 16 at 11–14; Dkt. No. 31.[1]  On November 15, 2019, the Court dismissed Counts II, III, and IV of Plaintiffs' amended complaint, which were claims arising under the New York Labor Law ("NYLL").  *See* Dkt. No. 25.

Currently before the Court is Plaintiffs' motion to transfer venue to the Southern District of New York.  *See* Dkt. No. 53.  Defendants Bimbo Foods Bakeries Distribution, LLC ("BFBD") and Bimbo Bakeries USA, Inc. ("BBUSA") (collectively "Defendants") oppose the motion.  *See* Dkt. No. 55.  For the reasons set forth below, Plaintiffs' motion is granted.

## II. BACKGROUND

Plaintiffs, on behalf of themselves and other employees similarly situated, commenced this action on July 23, 2019, with the filing of a complaint.  *See* Dkt. No. 1.  Since the initial filing of the complaint, additional individuals have opted-in to this case under the FLSA.  On October 4, 2019, Defendants filed a partial motion to dismiss, seeking, among other things, dismissal based on the first-filed rule.  *See* Dkt. No. 19.  On November 15, 2019, this Court issued a Memorandum-Decision and Order dismissing Plaintiffs' state law claims under the first-filed rule because of a pending Southern District of New York class action.  *See generally* Dkt. No. 25; *Puello v. Bimbo Foods Bakeries Distribution*, No. 17-cv-4481 (S.D.N.Y.) (Halpern, J.) ("*Puello*"), Dkt. No. 1 at 1.

On December 12, 2019, Plaintiffs filed a motion seeking clarification of this Court's Order dismissing Plaintiffs' state law claims.  *See* Dkt. No. 28.  Defendants filed no response.  On December 16, 2019, this Court denied Plaintiffs' motion, stating "clarification as to the propriety

---

[1] Plaintiffs Jason Alban, Chris Faust, John Fisher, Steve Hazelton, Frank Roberts, and Randy Sherman were added as Plaintiffs pursuant to a joint stipulation and order on December 13, 2019.  *See* Dkt. No. 31.  The claims of Plaintiffs John Fisher and Steve Hazelton were dismissed without prejudice pursuant to a stipulation and order on April 28, 2020.  *See* Dkt. No. 58.

2

as to any claims newly filed in the Southern District of New York is now under the purview of the assigned Judge in the Southern District of New York." Dkt. No. 32.  Plaintiffs subsequently re-filed their state law claims in the Southern District of New York, where the first-filed *Puello* case was pending.  *See Burke v. Bimbo Bakeries USA, Inc.*, No. 19-11101 (S.D.N.Y.) (Karas, J.) ("*SDNY Burke*"), Dkt. No. 1.  On March 9, 2020, the Honorable Kenneth M. Karas held a pre-motion conference with the parties.  *See SDNY Burke*, Dkt. No. 19.  Defendants contend that Judge Karas determined Defendants could only move for dismissal of Plaintiffs' Fair Play Act class claims on the basis of the first-filed rule, and other grounds for dismissal were premature. *See* Dkt. No. 55 at 5 n.3.  Plaintiffs contend that during this conference, "Defendants acknowledged *for the first time* that the Southern District of New York was the proper forum for the named Plaintiffs' *individual* state law claims to proceed, that Defendants would not seek complete dismissal of those claims, and that Defendants instead only intended to seek dismissal of the class allegations in the Southern District *Burke* matter." Dkt. No. 53-1 at 2 (emphasis in original).  On March 23, 2020, Defendants filed a partial motion to dismiss Plaintiffs' Fair Play Act class claims on the basis of the first-filed rule.  *See SDNY Burke*, Dkt. No. 20.

    Plaintiffs' surviving claims involve individual claims under the FLSA asserting that Defendants failed to pay overtime wages to Plaintiffs.  *See* Dkt. No. 16 at ¶¶ 50–65.  On February 18, 2020, Plaintiffs moved to dismiss Defendants' counterclaims and third-party complaints.  *See* Dkt. No. 50.  On March 25, 2020, Plaintiffs moved to transfer venue to the Southern District of New York.  *See* Dkt. No. 53.

### III. DISCUSSION

    Plaintiffs argue that this action should be transferred to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a).  *See* Dkt. No. 53.  Plaintiffs

assert a venue transfer is in the interests of justice, and is appropriate to avoid duplicative discovery, motion practice, and fact-finding. *See id.* Defendants disagree, arguing Plaintiffs have not demonstrated a change of circumstance that would warrant a transfer, the interests of justice do not support a transfer, and transfer would not be more convenient for key witnesses. *See* Dkt. No. 55.

Under 28 U.S.C. § 1404(a), "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought, or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). This section, "reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice . . . . To this end it empowers a district court to transfer any 'civil action' to another district court if the transfer is warranted by the convenience of parties and witnesses and promotes the interest of justice." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). "'[M]otions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis.'" *View 360 Solutions, LLC v. Google, Inc.*, No. 1:12-CV-1352, 2013 WL 998379, *1 (N.D.N.Y. Mar. 13, 2013) (quoting *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992)) (citation omitted).

In considering a motion to transfer venue, the Court must determine: "(1) whether the action sought to be transferred is one that 'might have been brought' in the transferee court; and (2) whether, considering the 'convenience of parties and witnesses,' and the interests of justice, a transfer is appropriate." *Litton v. Avomex, Inc.*, No. 08-CV-1340, 2010 WL 160121, *13 (N.D.N.Y. Jan. 14, 2010) (quotation omitted). The moving party has the burden of proving a § 1404(a) venue transfer meets these elements. *See id.* (citation omitted).

*1. **Whether the action might have been brought***

"'To decide whether an action might have been brought in the proposed transferee forum, the court must first determine whether the defendants are subject to personal jurisdiction in that forum, and whether venue would properly lie there.'" *United Rentals (North America) Inc. v. Conti Enterprises, Inc.*, No. 3:15-cv-298, 2015 WL 7257864, *7 (D. Conn. Nov. 17, 2015) (quotation omitted). There no question that Defendants are subject to personal jurisdiction in New York (an issue they have not contested) given their extensive business within the state, as evidenced by both this action and those pending in the Southern District of New York.

It is equally clear that venue would properly lie in the Southern District of New York. Pursuant to 28 U.S.C. § 1391, venue lies, *inter alia*, in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located[.]" 28 U.S.C. § 1391(b)(1). "For all venue purposes ... an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business[.]" 28 U.S.C. § 1391(c)(2).

Here, having found that Defendants are subject to personal jurisdiction in both the Southern and Northern Districts of New York, venue is appropriate in either district. *See Travelers Property Casualty Co. of Am. v. Ocean Reef Charters, LLC*, 324 F. Supp. 3d 366, 376 (W.D.N.Y. 2018) (finding that the federal venue statute recognizes that an appropriate venue may be any judicial district where various types of business entities are subject to personal jurisdiction) (citing cases). As such, the Court finds that this action could have been brought in the Southern District of New York.

5

### 2. *Plaintiffs moving to transfer venue: a change in circumstance*

"While unusual, it is not unknown for a plaintiff to seek relief under Section 1404(a); and there are no policy reasons that militate against such a motion." *Harry Rich Corp. v. Curtiss–Wright Corp.*, 308 F. Supp. 1114, 1118 (S.D.N.Y. 1969) (collecting cases); *see also Atl. Mut. Ins. Co. v. CSX EXPEDITION*, No. 00–CV–7668, 2003 WL 21756414, *2 (S.D.N.Y. July 30, 2003) (noting that a plaintiff's motion to transfer under 1404(a) is "unusual, but not unique"). However, "[b]ecause a plaintiff has already had the opportunity to choose the forum when filing the action," courts in this Circuit have historically required plaintiffs "to demonstrate a 'change in circumstances' that has taken place since the filing of suit in order to prevail." *Atl. Mut. Ins. Co.*, 2003 WL 21756414, at *2 (collecting cases). The "usual presumptions as to a plaintiffs choice of forum are not appropriate" in this posture. *Trehern v. OMI Corp.*, No. 98–CV–0242, 1999 WL 47303,*2 (S.D.N.Y. Feb. 1, 1999).

"Courts assessing this threshold question in plaintiffs' motions to transfer have required plaintiffs to identify a new development that 'warrants transferring the action to the transferee forum.'" *United States ex rel. Fisher v. Bank of America, N.A.*, 204 F. Supp. 3d 618, 623 (S.D.N.Y. 2016) (quoting *Ferrostaal, Inc. v. Union Pacific R. Co.*, 109 F. Supp. 2d 146, 151 (S.D.N.Y. 2000)). "This change must have 'taken place since the filing of [the] suit.'" *Id.* (quoting *Harem–Christensen Corp. v. M. S. Frigo Harmony*, 477 F. Supp. 694, 698 (S.D.N.Y. 1979)). "Circumstances that were 'known or should have been known to plaintiff long before the lawsuit' accordingly will not support a plaintiff's motion to transfer." *United States ex rel. Fisher*, 204 F. Supp. 3d at 623 (quoting *Ferrostaal, Inc. v. M/V EAGLE*, No. 02–CV–1887, 2003 WL 21496689, *2 (S.D.N.Y. June 30, 2003)).

Courts in this Circuit have also found that "a showing of changed circumstances is not required if transfer is in the interests of justice," particularly where there would be severe prejudice to a plaintiff. *Posven, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 407 (S.D.N.Y. 2004) (collecting cases); *see also U.S. ex rel. Smith v. Yale University,* No 3:02CV1205, 2006 WL 1168446, *2 (D. Conn. Apr. 28, 2006) ("Although courts have held that the threshold question when deciding a plaintiff's § 1404(a) motion to transfer is whether plaintiff has shown a change in circumstance since the complaint was filed sufficient to warrant transfer, an action may also be transferred if it is in the interest of justice to do so, even if Plaintiff can show no change in circumstances justifying transfer") (internal citations and quotation marks omitted). Indeed, "avoid[ing] the burden and expense of duplicative actions is in the interest of justice." *Posven*, 303 F. Supp. 2d at 391.

Defendants argue that there has been no change in circumstances that would warrant a transfer of Plaintiffs' individual FLSA claims to the Southern District of New York. *See* Dkt. No. 55 at 7–11. Defendants allege that whether "Plaintiffs' individual state law claims may proceed beyond the pleading stage in *Burke SDNY* or here does not constitute any change in circumstance." *Id.* at 9. Defendants further state that "it strains the bounds of reality for Plaintiffs to claim that they only recently learned that Defendants would not challenge their individual state law claims on the basis of the first-filed rule." *Id.* at 8. However, in both this Court and *SDNY Burke*, Defendants sought to dismiss all state law claims. *See, e.g.*, Dkt. No. 19-1 at 22–23 (arguing that "State Law Claims Should Be Dismissed Pursuant to the First-Filed Rule" because "[t]he two actions substantially overlap: the Defendants are the same; the *Burke* class is enveloped by the *Puello* class; and identical state law claims are asserted and turn on determinations as to the

7

contractor/employee status of the same individuals based on many of the same factual assertions of Defendants' alleged control over Plaintiffs and their putative classes").

Furthermore, Defendants' pre-motion letter to Judge Karas, the presiding judge over the *Burke SDNY* case, does request a pre-motion conference in anticipation of Defendants' "proposed motion to dismiss Plaintiffs' Complaint (ECF No. 1) *in its entirety*." Dkt. No. 53-2 at 1–2 (emphasis added) (arguing that "Plaintiffs' claims should be dismissed given that the same claims are already pending against Defendants in the first-filed *Puello* Action . . . just as they were by the Court in the NDNY *Burke* Action"). Thus, when Judge Karas determined that Defendants could only move for dismissal of Plaintiffs' Fair Play Act class claims on the basis of the first-filed rule, *see* Dkt. No. 55 at 5, it is not straining the bounds of reality to consider this as the first time Plaintiffs might have known that some of their state law claims would survive, at least for the moment. Moreover, given that this Court granted Defendants leave to move for dismissal of all the state law claims, any decision of Judge Karas to limit the scope of Defendants' motion could not have been known to Plaintiffs prior to their motion to transfer venue. *See United States ex rel. Fisher*, 204 F. Supp. 3d at 623.[2] Indeed, Plaintiffs filed their motion to transfer venue on March

---

[2] Defendants cite to *United States ex rel. Fisher v. Bank of America*, 204 F. Supp. 3d 618 (S.D.N.Y. 2016) in support of the argument that "Plaintiffs' failed gambles are not the sort of change of circumstance that should be rewarded by this Court." Dkt. No. 55 at 10. However, for the reasons above, the Court finds that the changed circumstances were not known or should have been known to Plaintiffs at the time they filed this action. Furthermore, the primary changed circumstance in *United States ex rel. Fisher*, in the court's view, was convenience for counsel, which is not an appropriate factor considered in assessing a motion for transfer. *United States ex rel.* Fisher, 204 F. Supp. 3d at 626 (internal citation omitted). Moreover, that case "is less analogous to the line of cases granting transfer where plaintiffs encounter developments that make a different venue . . . significantly more desirable (for efficiency purposes)." *Id.* As explained in further detail below, the developments of this action, as well as *SDNY Burke*, make the Southern District of New York significantly more desirable for efficiency purposes.

25, 2020, soon after Judge Karas made his determination on March 9, 2020.  *See* Dkt. No. 55 at 5; Dkt. No. 53.

Accordingly, the Court finds that there has been a change in circumstances warranting transfer.  Even if the Court were to find that the development in *SDNY Burke* did not amount to a change in circumstance, Plaintiffs also assert that transfer is warranted because transferring the case is in the interests of justice.  Accordingly, the Court will address the relevant factors under section 1404(a).

### *3. Whether the convenience of parties and witnesses and the interests of justice make transfer is appropriate*

To determine whether a transfer to the Southern District of New York is appropriate considering the convenience of parties and witnesses and the interests of justice, the Court must weigh the following factors:

> (1) the plaintiff's choice of forum, (2) the convenience of the witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.

*D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106–07 (2d Cir. 2006) (citing *Albert Fadem Trust v. Duke Energy Corp.*, 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002)).  There is no strict formula for the application of these factors.  *See, e.g.*, *Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F. Supp. 2d 395, 402 (S.D.N.Y. 2005); *Andrews v. A.C. Roman & Assocs., Inc.*, 914 F. Supp. 2d 230, 237 (N.D.N.Y. 2012).  Instead, the Court will balance these factors to determine the appropriate forum.  *See Emplrs. Ins. v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008).

#### *a. Plaintiff's choice of forum*

9

"When it is the plaintiff, rather than the defendant, who moves to transfer a case to another forum, 'the usual presumptions as to plaintiff's choice of forum are not appropriate.'" *United Rentals (North America) Inc. v. Conti Enters., Inc.*, No. 3:15-CV-298, 2015 WL 7257864, *5 (D. Conn. Nov. 17, 2015) (quoting *Trehern v. OMI Corp.*, No. 98 Civ. 0242, 1999 WL 47303, *2 (S.D.N.Y. Feb. 1, 1999)). Accordingly, this factor can be disregarded as neutral. *See, e.g.*, *United Rentals (North America) Inc.*, 2015 WL 7257864, at *5 (citing *Universal Marine Med. Supply, Inc. v. Lovecchio*, No. 09-CV-3495, 1999 WL 441680, *3 (E.D.N.Y. May 7, 1999)).

The Court will briefly address Defendants' contention that Plaintiffs are forum shopping. Defendants contend that "[t]he course of this litigation – and, in particular, Plaintiffs' failed opposition to Defendants' Motion to Dismiss in the present case – unmistakenly leads to the conclusion that Plaintiffs are forum shopping." Dkt. No. 55 at 11. Defendants allege that this is underscored by the request to transfer this matter before ruling on Plaintiffs' pending motion to dismiss. *See id.* Defendants further allege that Plaintiffs' motion to transfer is "driven by perceptions of the [*SDNY Burke*] Court's favorability . . . ." *Id.* at 12. This Court is not persuaded by Defendants' position. Defendants moved to dismiss Plaintiffs' state law claims because of the pending *Puello* case in the Southern District of New York; in a footnote, Defendants observed this case could also be transferred in lieu of dismissal (but did not fully brief a motion to transfer venue). *See* Dkt. No. 19-1 at 22 n.12. This Court subsequently granted the motion to dismiss. *See* Dkt. No. 25. Plaintiffs re-filed their state law claims in the Southern District of New York, the location of the *Puello* case, which Defendants claimed was the first-filed case (and this Court agreed). *See SDNY Burke*, Dkt. No. 1. Upon learning that some of Plaintiffs' claims would survive the motion to dismiss stage, Plaintiffs sought to transfer the remaining claims in this action to the Southern District of New York. This Court finds that Defendants' characterization of

10

the decision of Judge Karas that one of Defendants' grounds for a motion to dismiss was premature is not a statement on the merits of a motion to dismiss or the ultimate merits of the action itself; furthermore, as Plaintiffs state, "[n]either Judge Karas nor this Court has issued any decision on the merits of any claims, defenses, or counterclaims asserted in these two cases . . . ." Dkt. No. 56 at 6. As such, the Court finds that Defendants' concerns of forum shopping are unwarranted.

Thus, the Court finds that this factor remains neutral.

### b. *Convenience of witnesses*

The convenience of witnesses, both party and nonparty, is one of the most important factors in determining whether to transfer venue. *See, e.g.*, *Litton*, 2010 WL 160121, at *14; *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 988 (E.D.N.Y. 1991). To satisfy this factor, movants must provide detailed factual statements of "potential principal witnesses expected to be called and a general statement of the substance of their testimony." *Hernandez*, 761 F. Supp. at 987. It is not enough for a party to list witnesses living near the forum without enumerating the importance of their testimony. *See Litton*, 2010 WL 160121, at *14 (citing *Kwartra v. MCI, Inc.*, No. 96 Civ. 2491, 1996 WL 694444, *2 (S.D.N.Y. 1996)).

Defendants contend that all of the relevant witnesses are located in the Northern District of New York, and thus, this factor weighs strongly against a discretionary transfer to the Southern District of New York. *See* Dkt. No. 55 at 13. However, the Court finds that the inconvenience that would be present for all witnesses favors transfer. Namely, all witnesses would have to travel both to the Southern District of New York and to the Northern District of New York as *SDNY Burke* will continue, even if Defendants are successful on their motion to dismiss currently pending before Judge Karas. Therefore, this factor weighs in favor of a transfer in the analysis.

11

*See Cali v. East Coast Aviation Servs., Ltd.*, 178 F. Supp. 2d 276, 297 (E.D.N.Y. 2001); *Miner v. Altria Grp., Inc.*, No. 05-cv-2018, 2006 WL 6870504, *1 (W.D. Ark. Jan. 23, 2006) ("This slight inconvenience is outweighed by the possibility that if the case is not transferred, [parties] face having their witnesses deposed and called to testify twice, producing discovery twice, and litigating the same facts and issues twice").

### c. Location of sources of proof

Unlike the convenience of witnesses, the location of relevant documents is given little weight in determining whether venue transfer is appropriate. *See Litton*, 2010 WL 160121, at *16 (citing *Aerotel Ltd. v. Sprint Corp.*, 100 F. Supp. 2d 189, 197 (S.D.N.Y. 2000)). A party must demonstrate whether obtaining documents would be a burden without transfer. *See id.* (citing *Oubre v. Clinical Supplies Mgmt., Inc.*, No. 05 Civ. 2062, 2005 WL 3077654, *3 (S.D.N.Y. Nov. 17, 2005)). While Defendants claim that this Court should deny Plaintiffs' motion because, among others reasons, "all of the documents at the distribution centers and customer locations" are in the Northern District of New York, Dkt. No. 55 at 13, "'[m]odern photocopying technology and electronic storage deprive this issue of practic[al] or legal weight.'" *United Rentals (North America) Inc.*, 2015 WL 7257864, at *9 (quoting *MAK Mktg., Inc. v. Kalapos*, 620 F. Supp. 2d 295, 310 (D. Conn. 2009)). Accordingly, this factor is neutral. *Id.*

### d. Convenience of the parties

As to whether the convenience of the parties favors transfer, the Court first looks to the residence of the parties, and then ensures an order of transfer would not simply switch the burden of inconvenience from one party to another. *See Hernandez*, 761 F. Supp. at 988 (citations and quotations omitted).

Defendants BBUSA and BBFD are corporations with principal places of business in Horsham, Pennsylvania. *See* Dkt. No. 33 at ¶¶ 10, 11. Viewing the entire circumstances, since both Defendants are not New York residents, there would be little or no difference of convenience to them personally if the case remained the Northern District of New York or the Southern District of New York. Accordingly, this factor favors transfer, as the transfer would not switch the burden of inconvenience from Plaintiffs to Defendants. *See Hernandez*, 761 F. Supp. at 988.

### e. Locus of operative events

In considering where the operative events occurred, the Court considers whether a cause of action arises from claims of alleged wrongdoing in the proposed transferee district. *See Sheet Metal Workers' Nat'l Pension Fund v. Gallagher*, 669 F. Supp. 88, 92–93 (S.D.N.Y. 1987). "Transfer is not precluded where the operative facts have some connection to the initial forum if the transferee district has a stronger connection with the operative facts raised in the pleadings." *View 360 Solutions, LLC*, 2013 WL 998379, at *5 (citing *Sheet Metal Workers' Nat'l Pension Fund*, 669 F. Supp. at 92–93).

Defendants allege that, "because Plaintiffs purchased and picked up Bimbo-branded products from the distribution centers in Watertown and Canton, New York, and sold those products to their customers in surrounding areas, this judicial district is home to all of the operative facts. . . ." Dkt. No. 55 at 13. Plaintiffs do not dispute Defendants' assertions in this regard but maintain that other factors weigh more heavily in their favor. Thus, this factor weighs against transfer.

### f. Ability of the transferee court to compel unwilling witnesses

"'In determining whether a change of venue is appropriate, the Court will . . . examine the ability to compel the attendance of witnesses.'" *View 360 Solutions LLC.*, 2013 WL 998379, at *6

(quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 332–33 (E.D.N.Y. 2006)). A district court can compel the attendance of witnesses within the district or within one hundred miles of the place specified in the subpoena. *See* Fed. R. Civ. P. 45(b)(2).

Neither party has made a showing with respect to this factor sufficient to favor either forum over the other. Defendants did not provide any affidavits of potential witnesses stating that such witnesses would not appear if the action was transferred to the Southern District of New York. Likewise, Plaintiffs failed to provide any affidavits of potential witnesses stating that they would not appear if the action remained in the Northern District of New York. Thus, this factor is neutral. *Neil Bros. Ltd.,* 425 F. Supp. 2d at 332.

### g. *Relative means of the parties*

When there is a financial disparity between parties, the Court may consider their relative means to determine whether transfer is appropriate. *See Hernandez*, 761 F. Supp. at 989. "In determining whether the relative means of the parties weighs in favor of transfer, 'a court should determine whether a party's financial situation would meaningfully impede its ability to litigate this case in either forum.'" *AIG Fin. Prods. Corp. v. Public Utility Dist. No. 1 of Snohomish County, Wash.*, 675 F. Supp. 2d 354, 372 (S.D.N.Y. 2009) (quoting *Truk Int'l Fund v. Wehlmann*, No. 08 Civ. 8462, 2009 WL 1456650, *7 (S.D.N.Y. May 20, 2009)) (quotation marks omitted). Yet "where proof of such disparity is not adequately provided, or does not exist, this is not a significant factor to be considered." *American Eagle Outfitters, Inc. v. Tala Bros. Corp.*, 457 F. Supp. 2d 474, 478 (S.D.N.Y. 2006). Neither party has provided any evidence that their financial situation would meaningfully impede their ability to litigate this case in the Southern District of New York. *See Fteja v. Facebook, Inc.*, 841 F. Supp. 2d 829, 844 (S.D.N.Y. 2012) (citing *AIG Fin. Prods. Corp.*, 675 F. Supp. 2d at 372). "Since '[t]he relative economic ability of the parties to

proceed with a case has rarely been a dispositive reason to grant or deny a venue change' but is instead 'but one of several factors for the court to consider,' it makes little sense to reject transfer on a ground [the party opposing transfer] has not advanced and where the Court has no evidence in a case where essentially all the other factors weigh in favor of transfer." *Id.* (quoting *Kolko v. Holiday Inns, Inc.*, 672 F. Supp. 713, 716 (S.D.N.Y. 1987)). Thus, this factor is neutral.

### h. Calendar congestion

"Although certainly not decisive, docket conditions or calendar congestion of both the transferee and transferor districts is a proper factor and is accorded some weight." *Miller v. Bombardier* Inc., No. 93 CIV. 0376, 1993 WL 378585, *5 (S.D.N.Y. Sept. 23, 1993) (citing *Gibbs & Hill, Inc. v. Harbert Int'l Inc.*, 745 F. Supp. 993, 996 (S.D.N.Y. 1990); *Hernandez*, 761 F. Supp. at 991; *Foster v. Litton Indus. Inc.*, 431 F. Supp 86, 88 (S.D.N.Y. 1977)). Defendants point out the number of pending cases in the Northern District of New York and the Southern District of New York to convince the Court not to transfer this matter. *See* Dkt. No. 55 at 14. However, one data point the Court finds to be relevant is that the median time of a civil case, from filing to trial, is 31.1 months in the Southern District of New York and 41.4 months in the Northern District of New York. *See* U.S. District Courts - Combined Civil and Criminal Management Federal Court Management Statistics (December 31, 2019), https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2019/12/31-3. Therefore, to the extent that these figures represent a slower docket in the Northern District of New York, this consideration would favor a transfer. Defendants do not allege sufficient facts to

convince this Court that the Southern District would be unable to provide an expedient and just disposition of the matter.[3] Rather, the facts presented weigh in favor of transfer.

### i. Interests of justice

"'[C]ourts consistently recognize that the existence of a related action in the transferee district is a strong factor to be weighed with regard to judicial economy.'" *Wald v. Bank of America Corp.*, 856 F. Supp. 2d 545, 550 (E.D.N.Y. 2012) (quoting *Williams v. City of New York*, No. 03 Civ. 5342, 2006 WL 399456, *3 (S.D.N.Y. Feb. 21, 2006)). This factor can be "decisive." *Delta Air Lines, Inc. v. Assoc. of Flight Attendants, CWA*, 720 F. Supp. 2d 213, 219 (E.D.N.Y. 2010). "There is a strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided." *Delta Air Lines, Inc.*, 720 F. Supp. 2d at 219 (quoting *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 619 (2d Cir. 1968)). "It is beyond dispute, then, that 'the existence of a related action in the transferee district' weighs heavily in favor of transfer when considering judicial economy and the interests of justice." *Wald*, 856 F. Supp. 2d at 550 (quoting *Delta Air Lines, Inc.*, 720 F. Supp. 2d at 219).

"It is well-settled that transfer under § 1404(a) is generally in the interest of justice if a decision not to transfer would lead to courts rendering inconsistent judgments on the same issue." *Convergence Technologies (USA), LLC v. Microloops Corp.*, 711 F. Supp. 2d 626, 642 (E.D.V.A. 2010). As the Supreme Court has noted, "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the

---

[3] In addition, "no choice of law problem is created, because both districts are in the same state." *See Fairfax Dental (Ireland) Ltd. v. S.J. Filhol Ltd.*, 645 F. Supp. 89, 92 (E.D.N.Y. 1986).

wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Cont'l Grain Co. v. Barge FBL–585*, 364 U.S. 19, 26 (1960); *accord Va. Beach v. Roanoke River Basin Ass'n*, 776 F.2d 484, 489 (4th Cir. 1985) ("Transfer and consolidation would also advance the economical resolution of the controversy over the permits.  The parties would be able to litigate in one court the same issues that were the subject matter of actions instituted in two courts").

Both this case and *SDNY Burke* arise from the same underlying facts, as they stem from the same initial filing; furthermore, the claims in both actions arise from the same underlying claims as the *Puello* action (indeed, Defendants referred to this comparison in their motion to dismiss as "duplicative claims [that] should be barred by the Second Circuit's first-filed rule in light of the nearly identical *Puello* litigation").  Dkt. No. 19-1 at 2.  These facts include "Defendants control over Plaintiffs' work, the number of hours that each Plaintiff worked, and dozens of other issues relevant to Plaintiffs' state and federal overtime claims."  Dkt. No. 56 at 7.  For example, the parties could "be required to engage in written discovery and conduct depositions related to Plaintiffs' work over the past three years for their FLSA claims, and then repeat this same process related to Plaintiffs' work in 2014 and 2015 for the purposes of their state law claims."  Dkt. No. 53-1 at 6.

Simply put, the action currently pending in the Southern District is based on exceedingly "similar allegations and name[s] some of the same defendants as the present action."  *In re Collins & Aikman Corp. Secs. Litig.*, 438 F. Supp. 2d 392, 398 (S.D.N.Y. 2006).  "The substantial factual overlap between the cases makes it 'highly likely that [parties in both actions] will need access to the same witnesses and proof,' *Jones v. City of New York*, No. 11-cv-5042, 2012 WL 716890, *2 (E.D.N.Y. Mar. 5, 2012), which heavily favors transfer of this case in the interests of judicial economy so all discovery and factual disputes can be determined by the same court, following

17

efficiently coordinated discovery across both actions." *Wald*, 856 F. Supp. 2d at 550–51 (citing *Collins & Aikman*, 438 F. Supp. 2d at 398–99 ("[C]ourts regularly transfer cases such as plaintiff's where facts and witnesses overlap with cases pending in the transferee district")). "In the same vein, the interests of justice further counsel in favor of transfer on this point to avoid duplicate discovery, multiplying costs in time and treasure on parties, counsel, and witness alike." *Id.* at 551. "If the cases are adjudicated in different venues, undoubtedly witnesses will have to be deposed and will have to testify twice, two sets of documents will have to be produced, and judicial resources will have to be allocated to two actions when one court could more efficiently dispose of the litigation." *Cali*, 178 F. Supp. 2d at 295.[4]

Whether transfer of venue is proper also depends in part on a court's familiarity with applicable law. The parties do not address this factor, likely because it is neutral as to the issue of the transfer, as any issues of underlying New York state law and federal law could be competently addressed by the Court in either District. *See J.B. ex rel Benjamin v. Abbott Labs. Inc.*, No. 12-cv-385, 2013 WL 452807, *5 (N.D. Ill. Feb. 6, 2013).

Considering all of the relevant factors, the Court finds that Plaintiffs have met their burden of establishing that the Southern District of New York is the proper forum for this matter. The Court believes that *SDNY Burke* and the current case are sufficiently related that the interests of justice and judicial economy demand that they be decided in the same forum, by one court familiar with the various legal and factual issues, and responsible for the resolution of all of them;

---

[4] In addition, while Defendants claim that the state of discovery in this action should prevent transfer to the Southern District of New York as disputes over responses are "close to being resolved" and dates for depositions are currently being scheduled, *see* Dkt. No. 55 at 14, the deposition deadline was recently extended to June 1, 2020, and the discovery cutoff extended to September 16, 2020. *See* Text Orders dated May 6, 2020. These extensions were granted, in part, because of discovery disputes. *See id.*

the two matters began as one proceeding and were fragmented into two only after Defendants moved for dismissal. With the *Puello* proceeding underway in the Southern District of New York, which Defendants relied upon in their motion to dismiss before this Court as well as *SDNY Burke*, that court is in the best position to sort out the nuanced arguments of the parties, and arrive at decisions that ensure consistent results in the two cases in the most expedient, efficient, and economical manner. This Court will not determine the other substantive or procedural matters, including Plaintiffs' pending motion to dismiss Defendants' counterclaims and third-party claims, leaving it to the transferee venue for their consideration.

## IV. CONCLUSION

After carefully reviewing the record in this matter, the parties' submissions and the applicable law, for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiffs' motion to transfer venue to the Southern District of New York (Dkt. No. 53) is **GRANTED**; and the Court further

**ORDERS** Plaintiffs' remaining motions are **DENIED without prejudice**; and the Court further

**ORDERS** that the Clerk of Court shall electronically transfer this action to the United States District Court for the Southern District of New York; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 14, 2020
    Albany, New York

*/s/ Mae A. D'Agostino*
Mae A. D'Agostino
U.S. District Judge